COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| WARREN CLAYTON FRY, | § | No. 08-10-00225-CV |
| | § | |
| Appellant, | § | Appeal from |
| | § | |
| v. | § | County Court at Law |
| | § | |
| CONNIE LOU CONKLIN, | § | of Kerr County, Texas |
| | § | |
| Appellee. | § | (TC # 08-600-C) |
| | § | |

**MEMORANDUM OPINION**

This appeal is before the Court for determination whether it should be dismissed for want of jurisdiction. Finding that Appellant has failed to respond to a notice from the clerk requiring a response, we dismiss the appeal.

The trial court signed a decree divorcing the parties on November 12, 2009. Warren Clayton Fry appealed to the Fourth Court of Appeals, but the appeal was dismissed because Fry failed to pay the filing fee or respond to the court of appeals' inquiry. *See Fry v. Fry*, 04-10-00105-CV, 2010 WL 1404591 (Tex.App.--San Antonio April 7, 2010, no pet.)(mem. op. not designated for publication). On July 2, 2010, Fry filed a notice of appeal indicating an intent to appeal a "judgment or order rendered on June 3, 2010." The clerk's record includes a three-page excerpt from a post-judgment hearing conducted by the trial court on June 3, 2010. Near the conclusion of the hearing, the court-appointed receiver stated his concerns regarding some property in Harris County and suggested that the court reform the decree "based on the actions of [Appellant] after the Court made its ruling." Additionally, the receiver asked that the court place an equitable lien against the property for the value of the judgment given Appellee and an

abstract be filed on that judgment in Harris County.  The trial court ruled that the divorce decree was reformed "to that effect" and he instructed the parties to draft a reformed decree.  The court added that the changes were effective immediately.  The court also agreed that the reformed judgment would include a permanent injunction precluding either of the parties from signing any document having anything to do with the property.  The clerk's record does not contain the reformed decree and the Kerr County District Clerk has advised our Clerk's Office that a reformed decree has not been filed since June 3, 2010.

By letter dated August 5, 2010, the Clerk's Office advised Appellant that the record does not contain an appealable order and the appeal would be dismissed unless Appellant, within ten days, showed cause for continuing the appeal.  Appellant has not responded to our letter.

In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.  TEX.R.APP.P. 27.1(a).  The appellate timetable runs begins to run on the date the judgment is signed.  TEX.R.CIV.P. 306a(1); TEX.R.APP.P. 26.1.  An appellant may file a notice of appeal before the trial court reduces the judgment to writing and signs it, but the appellate court will not proceed with the appeal until a written signed judgment has been filed.  When a premature notice of appeal is filed, it is the policy of this Court to permit the trial court a reasonable opportunity to enter a written judgment.  At the same time, the Court also expects counsel and the parties to respond to the Court's inquiries.  The Rules of Appellate Procedure authorize an appellate court to dismiss an appeal when the appellant has failed to comply with a notice from the clerk requiring a response or other action within a specified time.  TEX.R.APP.P. 42.3(c).  Under the circumstances, we dismiss the appeal pursuant to Rule 42.3(c).

September 29, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.